Dear Senator Douglass,
¶ 0 This office has received your letter seeking an official Attorney General Opinion addressing the following question:
Do the provisions of 68 O.S. 1991, § 219[68-219] controvert ArticleV, § 53 of the Oklahoma Constitution which prohibits thereleasing or extinguishing of indebtedness, liabilities orobligations to the State in that they allow the Tax Commission to"settle or compromise any controversy relating to taxescollectible . . .
1. In cases of controversy arising over the amount of tax due,or
2. In case of inability to pay, resulting from insolvency of thetaxpayer"?
¶ 1 Section 219 of Title 68 authorizes the Oklahoma Tax Commission to enter into agreements to "compound, settle or compromise any controversy relating to taxes collectible . . . or any admitted or established tax liability." Section 219 provides in pertinent part as follows:
 The Oklahoma Tax Commission is authorized to enter into an agreement to compound, settle or compromise any controversy relating to taxes collectible by the Oklahoma Tax Commission, or any admitted or established tax liability as to any tax collectible under any State Law in the following cases:
 1. In cases of controversy arising over the amount of tax due, or,
 2. In case of inability to pay, resulting from insolvency of the taxpayer.
68 O.S. 1991, § 219[68-219].
¶ 2 On its face Section 219 appears to conflict with Article V, § 53 of the Constitution. Article V, § 53 provides that the Legislature shall have no power to release or authorize the release of anyone's indebtedness to the State, to a county or to a municipality:
 Except as to tax and assessment charges against real property remaining delinquent and unpaid for a period of time as long or longer than that provided by law to authorize taking title to real property by prescription, the Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liabilities, or obligations of any corporation or individual, to this State, or any county or other municipal corporation thereof.
Okla. Const. art. V, § 53.
¶ 3 The Oklahoma Supreme Court has held that delinquent taxes are "liabilities" and any law directly or indirectly releasing or extinguishing liabilities for taxes, in whole or part, is unconstitutional. Thompson v. Smith, 114 P.2d 922, 924 (Okla. 1941). If Section 219 of Title 68 were construed to grant authority to the Oklahoma Tax Commission to extinguish established tax liabilities under the conditions set out therein it would conflict with Article V, § 53 of the Oklahoma Constitution. It is a rule of statutory construction that where two constructions are available, one which upholds a statute, and another which strikes it down, the one upholding the statute should be followed. Chicago, R.I. P. Ry. Co. v. Beatty,118 P. 367, 369 (Okla. 1911).
¶ 4 By its terms, Section 219 allows the Oklahoma Tax Commission to compound, settle or compromise controversies: (1) where there is a controversy arising over the amount of tax due; or, (2) in cases of inability to pay, resulting from insolvency of the taxpayer. If either of these conditions exist, Section 219 allows the Tax Commission to compound, settle or compromise any controversy.
¶ 5 A taxpayer has the opportunity to protest the Tax Commission's determination that there is a tax due. Section 221 of Title 68 gives a taxpayer a period of thirty (30) days from the mailing of a proposed assessment by the Tax Commission to file a written protest. When such a protest is filed the taxpayer has placed the amount of tax due in controversy. In Ivester v.State, 83 P.2d 193 (Okla. 1938) the Supreme Court of Oklahoma reviewed an act of the Legislature which allowed boards of county commissioners to reassess property at its fair cash value if it found the property to be assessed at more than it would bring at a fair voluntary sale. When the law in question was passed, the assessments for the years for which the Legislature authorized reassessment had "become final" and the tax based thereon was an established liability. The Court made the following statement:
 The fixed liabilities for taxes . . . are "liabilities" within the meaning of Sec. 53, Art. 5 of the state constitution.
Id. at 196.
¶ 6 The Court determined that, as a fixed liability, the Legislature was prohibited by Article V, § 53 from authorizing a county to release or extinguish, in whole or in part, the indebtedness of taxpayers to the county.
¶ 7 If a taxpayer timely protests the amount of tax due, the Oklahoma Tax Commission may, pursuant to the provisions of Section 219 of Title 68, enter an agreement to compound, settle or compromise the amount due. This is true because the provisions of Article V, § 53 of the Constitution are not implicated until such time as a liability or obligation becomes final. The Commission cannot, however, compromise or settle final liabilities for taxes if the settlement results in less than full payment of the entire tax liability.
¶ 8 As to taxpayers seeking agreements based on their "inability to pay," Article V, § 53 prohibits the Tax Commission from forgiving, in whole or in part, an admitted or final tax liability. By its terms, 68 O.S. 1991, § 219[68-219] allows the Commission to compound, settle or compromise any admitted or established tax liability. To maintain consistency with the prohibitions found in Article V, § 53, the authority found in Section 219 must be limited to compounding, settling or compromising as to the schedule for payment of the entire amount. In other words, the Tax Commission may extend the period for payment but the Commission may not, consistent with Article V, § 53, release or forgive, in whole or in part, any admitted liability for taxes based solely on a taxpayer's inability to pay resulting from insolvency.
¶ 9 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. If a taxpayer has timely protested the amount of taxes due,the Oklahoma Tax Commission may, pursuant to the provisions of68 O.S. 1991, § 219[68-219] and Article V, § 53 of the OklahomaConstitution, enter into an agreement to compound, settle orcompromise the amount due because the provisions of Article V, §53 of the Constitution are not implicated until such time as aliability or obligation becomes final.
 2. Article V, § 53 of the Oklahoma Constitution prohibits theOklahoma Tax Commission from forgiving, in whole or in part, anadmitted or final tax liability. Therefore, the authority tocompromise based on insolvency found in 68 O.S. 1991, § 219[68-219]is limited to compounding, settling or compromising as to theschedule for payment of the entire amount of tax due. TheOklahoma Tax Commission may not in its agreement release orforgive, in whole or in part, any final liability for tax basedsolely on a taxpayer's inability to pay resulting frominsolvency.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL